UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12810-RGS

DAVID GARFIELD

v.

GORILLA, INC. and WAL-MART STORES, INC.

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION IN LIMINE

June 23, 2015

STEARNS, D.J.

Plaintiff David Garfield brought this diversity action against a tree stand manufacturer, Gorilla, Inc., and the seller, Wal-Mart Stores, Inc., alleging a failure to warn and breach of the implied warranty of merchantability and fitness for proper purpose.[1] Garfield designated Wilson Dobson as his expert witness with respect to the allegedly defectively designed tree stand. Defendants now move to preclude Dobson's testimony pursuant to Fed. R. Evid. 702.

**BACKGROUND**

---

[1] A tree stand is an elevated stand used by deer hunters to conceal themselves above ground level. Pl.'s Mem. at 2.

1

David Grove, a friend of Garfield, purchased the Gorilla tree stand from a Wal-Mart store in Massachusetts.  On September 22, 2010, while hunting deer, Garfield used a ladder to install the stand in a tree.  When he stepped from the ladder onto the stand, the cables suspending the platform of the stand broke.  The two cables were made of braided metal wire.  Garfield fell approximately twenty feet after the platform gave way.  As a result of the fall, he suffered a severe fracture in his left femur.

Dobson, Garfield's proffered expert, is a Professional Engineer (P.E.) and a Mechanical and Materials Engineering Consultant with a Master's Degree from Worcester Polytechnic Institute in Materials Engineering.  Pl.'s Mem. at 6.  He has worked in the field of metallurgy and failure analysis for forty years.  *Id.*  He is also a member of a number of engineering associations.  Pl.'s Ex. B.  In his report, Dobson opined that "the primary cause of [the tree stand's] failure was corrosion."  Pl.'s Ex. A.  Defendants principally argue that because "Dobson has no background in the design of commercial treestands, has never used a treestand, and has absolutely no contemporaneous knowledge of the treestand industry," he fails to meet Rule 702's expert qualification requirement.  Defs' Mem. at 1.

## DISCUSSION

Two gateposts frame the exercise of a judge's discretion to admit or exclude expert testimony. First, the witness must be shown to be sufficiently qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the Federal Rules of Evidence require that a court "ensure that any and all scientific testimony or evidence admitted is not only relevant, but [also] reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "[T]he trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-593. *Daubert* imposes on a federal trial judge the duty to act as a "gatekeeper," guarding the fact-finding process against infiltration by "expertise that is *fausse* and science that is junky." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 159 (1999) (Scalia, J., concurring). A trial judge ultimately has broad discretion to determine how to assess the reliability of expert testimony. *Canavan's Case*, 432 Mass. 304, 314 (2000).

In this case, defendants first contend that Dobson lacks the background, experience, and training to provide expert testimony

addressing the sound worthiness of the tree stand's braided suspension cables. They argue that, despite his mechanical engineering background, he has no practical experience in the manufacture or installation of tree stands. Defs' Mem. at 7-8; *see Whiting v. Boston Edison Co.*, 891 F. Supp. 12, 24 (D. Mass. 1995) ("[A] witness must be qualified in the specific subject for which his testimony is offered."). They also assert that Dobson did a shoddy job of preparation by "fail[ing] to inspect the entire product" or "review the instructions and warnings." Defs' Mem. at 8. Defendant's argument misses the point: the issue is not tree stands, but the strengths and vulnerabilities of the materials used to fabricate the tree stand's cables. *See* Pl.'s Ex. B. It is Dobson's knowledge of metallurgy and failure analysis that matters, not his deer hunting skills.[2]

Defendants' related argument faults Dobson for "merely inspect[ing] the stand, and then reach[ing] a speculative conclusion that the product was defective merely because it corroded." Defs' Mem. at 10. They also assert that Dobson failed to support his opinion that the cables corroded prematurely. *Id.* As they point out, and as Dobson conceded in his deposition, all metal is subject to corrosive forces, and that the tree stand's

---

[2] Dobson has previous experience as an expert witness in a tree stand failure case involving current defendants' counsel. *See* Pl.'s Ex. C at 4.

cables were treated specifically to resist corrosion. Pl.'s Ex. C at 16-17, 20-21. Finally, they contend that Dobson's suggested alternative designs for the tree stand are speculative because he failed to build and test any of them. Defs' Mem. at 11. Again, these arguments are for the jury, and not the court. Dobson states in his report that he inspected the cables involved in Garfield's injury and noted "significant corrosion in the 1/4 inch of exposed cable where the cable exits the plastic sheath and enters the swaged fitting." Pl.'s Ex. A. He also reviewed Garfield's testimony and the reports of defendants' expert witnesses. Pl.'s Mem. at 9. In other words, Dobson's conclusions are based on his own investigation of the facts of the case. *Compare Smith v. Bell Atl.*, 63 Mass. App. Ct. 702, 719-720 (2005). Any reservations defendants have concerning the quality of Dobson's homework are to be resolved by the jury through cross-examination, not exclusion. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky, but admissible evidence."); *see also Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998) (*Daubert* does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct.").

## ORDER

For the foregoing reasons, defendants' motion to exclude Dobson's expert testimony is <u>DENIED</u>.

    SO ORDERED.

    <u>/s/ Richard G. Stearns</u>
    UNITED STATES DISTRICT JUDGE